FILED
IN CLERKS OFFICE
2021 NOV 22 AM 1:30
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT

MASSACHUSETTS

| Yong Li, Monica Swaida, Fharah Ladey, Ladefara Gem,<br><br>Plaintiff,<br><br>v.<br><br>Robert Flannery, Peter McAnespie, Karen McDonald, Susan Clark<br><br>Defendant. | Case No: |
|---|---|

## VERIFIED COMPLAINT AND MOTION TO CONSOLIDATE COMPLAINTS

## INTRODUCTION

1. By this action, Yong Li, Monica Swaida, Fharah Ladey, Ladefara Gem, herein ("Plaintiff") seeks equitable relief and damages against four neighbors namely, Robert Flannery, Peter McAnespie, Karen McDonald, Susan Clark, herein ("Defendant").

Robert Flannery has a pending complaint against the Plaintiff at the Middlesex Superior Court, and a Preliminary Order has granted him a new prescriptive access to the Plaintiffs property while the hearing is pending. Prior to that, Flannery constantly trespassed Plaintiff's property location of which was not an easement in defiance to trespass notices, police trespass order, clearly posted signs, and written warnings of trespassing by the Plaintiffs predecessors.

Karen McDonald provided partial and false testimony as a witness to support Robert Flannery in gaining the Preliminary Access to Plaintiffs driveway.

The Plaintiff cannot park or use their driveway because of the Preliminary Judgement for a Prescriptive Easement.

The frequent use of the Plaintiffs driveway creates erosion that causes flooding to the Plaintiffs property- the basement.

Peter McAnespie has filed a pending restraining order at the e Ayer District Court against the Plaintiff concerning a recorded easement, and access to the Bathing Beach

Susan Clark has also a pending restraining order at the Ayer District Court against the Plaintiff concerning a recorded easement, and access to the Bathing Beach

In addition, Flannery, McAnespie, Clark, and McDonald are constantly blocking the Plaintiff from water access, and blocking the Plaintiffs from parking in their driveway.

McAnespie, and Clark continues to vandalize the Plaintiffs property such as smashing of bricks; scratching of cars, yelling of threats to assault the Plaintiff and her guests including a child; destroying trash bags and throwing it at the Plaintiffs stairways; cutting across the Plaintiffs stairways to access the water; shoveling away, and aside the Plaintiffs gravels.

The Plaintiff observed Clark, and McAnespie using their children to harass the Plaintiff by running across Plaintiffs property, standing, gazing, pointing, videoing, and taking pictures of the Plaintiff, and Plaintiffs guest while making jests.

Several complaints has been filed with the police, and 911 calls has been made. By the time the Police gets there, they ran away. The Police required to see them in the act or by video. The Plaintiff has placed 5 cameras, one of which recorded the event of the Plaintiff observing McAnespie, and Clark vandalizing the Plaintiffs property. Susan Clark using racial slurs, and other insults to yell at the Plaintiff while smashing the Plaintiffs bricks. By the time the Police arrived, she ran away leaving McAnespie behind.

The Town of Littleton Highway Department is requesting that the Plaintiffs move their car from the front driveway to the side driveway to allow plowing, etc.

A real estate report online is reporting that the Plaintiffs property is worth less than the purchased price, and future value.

As a result of the conduct summarized above, Plaintiff has already suffered irreparable harm. Without immediate judicial intervention, the Plaintiffs, will continue to be at risk, causing the Plaintiff continuing irreparable harm.

PARTIES

2. Monica Swaida. ("Plaintiff") is an individual, and the recorded co-owner of 24 Cricket Lane, Littleton, Massachusetts.

3. Fharah Ladey ("Plaintiff") is the owner of 24 Cricket Lane, Littleton, Massachusetts, and a New Hampshire Corporation with offices located at in New Hampshire, and Massachusetts.

4. Ladefara Gem ("Plaintiff") holds power of attorney to the corporation, and is a co-resident of 24 Cricket Lane, Littleton, Massachusetts.

5. Yong Li ("Plaintiff") is an Asian woman who sold 24 Cricket Lane property to Fharah Ladey care of Monica Swaida. She is an individual residing in Sudbury Massachusetts. Yong Li stated that they did not want minorities in their neighborhood, and also treated her unfairly.

6. Defendant Robert Flannery is an individual residing at 22 Cricket Lane, Littleton Massachusetts.

7. Defendant Karen McDonald sold the property to Flannery an individual residing at 22 Cricket Lane, Littleton Massachusetts,

8. Defendant Peter McAnespie is an individual residing at 2 Cricket Lane, Littleton Massachusetts, and owner of run down properties at 26, 28, 30 Cricket Lane Littleton MA

9. Susan Clark is an individual residing at 2 Cricket Lane, Littleton Massachusetts,

10. Cricket Lane is a private road with free street parking- a lakeside neighborhood

STATEMENT OF FACTS

11. Plaintiff's property, 24 Cricket Ln, abuts Flannery's property 22 Cricket, and McAnespie's property 26, 28, and 30. Please see the Recorded Deed Map attached hereto as Exhibit A

12. Plaintiff's property has a recorded easement, and right of way to access the water of which the Plaintiffs predecessors had utilized for more than 20 years.

13. The right of way starts at the boundary between Plaintiff's property and McAnespie's property, and 3' width from each property boundaries, together producing a 6' foot path. The foot path continues to the boundary between Flannery's property and McAnespie's properties through to the Bathing Beach.

14. McAnespie's property has no front line at 26, 28, and 30 Cricket Ln. McAnespie has a recorded 3 feet easement from Plaintiff's property to access his property by foot.

15. Flannery purchased his property in 2019. His property has BOTH front line on Cricket Ln and waterfront. Flannery can park or build a driveway in front of his property on Cricket Lane. To resolve the easement problem, the original deed plan already marked a small common area down the deadend of Cricket Ln, abutting the boundary between Plaintiff's property and Flannery's property. Flannery only needs to flat that small common area and make it level to his own driveway. Please see the Deed Plan attached hereto as Exhibit D.

16. Plaintiff purchased the property in 2021. Prior to the purchase, there were no signs or blockage. When Plaintiff moved in, we saw that Flannery had put up a sign, saying no trespassing, to block the water access.

17. After Monica purchased the property, Flannery, and McAnespie continued to block the water access to both Plaintiff and their guest. McAnespie used ropes to wrap around the Plaintiffs property, and also used a heavy equipment that the Plaintiff cannot move to block the Plaintiffs stairway, and the path to the water access. Please see the attached picture of Flannery's sign and McAnespie's ropes, sign, and heavy equipment in front of the Plaintiffs stairway attached hereto as Exhibit B.

18. Yong Li sent a final formal letter to Flannery warning him of trespassing. Please see Ms. Li's letter to Mr. Flannery attached hereto as Exhibit C

19. Susan Clark continued to approach the Plaintiffs guest in front of Plaintiffs property asking them what they wanted with the Plaintiff. This scares away the guest.

20. Monica Swaida's Husband and son were also approached and yelled at by McAnespie unknown to the Defendant that they owned the property.

21. When the destruction of Plaintiffs property continued, Plaintiff placed a barrier to demarcate her driveway from the easement. McAnespie was still able to access his property.

22. Plaintiff put up gravels on her driveway off the boundary line of the cut down tree that used to display the No trespassing signage between 22 and 24 Cricket Ln. This was also an attempt to stop the flooding directed to 24 Cricket Ln.

23. 24 Cricket Ln has no space for street parking without blocking the Plaintiff's entrance and exit to her home. If Flannery is granted a prescriptive easement, this would make it extremely difficult for Plaintiff to access or exit her home with ease.

24. In October 2021, Susan Clark, and her friend approached Gem, and started taking pictures and video while she was moving stuff in. When the Police arrived, I reported that their actions were offensive.

25. On November 9th 2021, McAnespies son had removed the signs and threw trash on our stairway, and we put it back. By the time the police arrived, he had left.

26. On November 10th 2021, we came out of our home to find out that our driveway stones had been moved, and a fire fighter red car was parked in front owned by McAnespie.

27. On November 12th, when it was dark outside, my housemate notified me, and dialed 911 when she saw McAnespies son throwing our brinks into our garden. When I ran out, I saw Susan Clark smashing our bricks on each other, using all sorts of swear words. Gem swore at her, told her the police was on their way, and she ran away leaving McAnespie behind. When

the police arrived, he said he knew nothing. I showed the Cops the damages. We were told to go and file a restringing order.

28. On November 16, 2021, Peter McAnespie and his girlfriend Susan Clark filed a complaint to Ayer district court asking for a restraining order. They harassed Plaintiff all of the time, but they claimed that Plaintiff, an African woman, was harassing them.

STATEMENT OF CLAIMS

COUNT I

Trespassing

(Against All Defendants)

29. Plaintiff repeats the allegations contained in Paragraphs 1 through 28 and, by this reference, incorporates them herein.

COUNT II

Harassment

(Against All Defendants)

30. Plaintiff repeats the allegations contained in Paragraphs 1 through 28 and, by this reference, incorporates them herein.

COUNT III

Racial Discrimination

(Against All Defendants)

31. Plaintiff repeats the allegations contained in Paragraphs 1 through 28 and, by this reference, incorporates them herein.

COUNT IV

Destruction of Property

(Against Defendant Clark and McAnespie)

32. Plaintiff repeats the allegations contained in Paragraphs 1 through 28 and, by this reference, incorporates them herein.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court:

1. Revoke the preliminary injunctive relief that
   a. precludes the Plaintiff from parking on their driveway;
   b. precludes the Plaintiff from using their driveway;
   c. granted relief based on false statement;
2. Enter judgment for the Plaintiff on all Counts of its Complaint;
3. Grant permanent injunctive relief to preclude Defendant Clark and McAnespie from blocking Plaintiffs access to the water as described on the recorded deed;
4. Award Plaintiff damages for vandalism or destruction of properties;
5. Award Plaintiff damages as determined at trial, plus interest and costs as provided by law;
6. Award Plaintiff damages and attorney fees or litigation cost on account of the Defendants' willful violation of G.L. c. 93A;
7. Grant Plaintiff such other relief as the Court deems just.

Respectfully submitted,

Plaintiff Pro se,

Dated: 11/19/21

Ladefara Gem

24 Cricket Ln. Littleton MA 01460

plitigation@gmail.com

## VERIFICATION

I, Ladefara Gem, do hereby declare that I have read the foregoing Complaint and know the contents thereof. The same is true to my knowledge , and I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 19th day of November, 2021.

Ladefara Gem

24 Cricket Ln. Littleton MA 01460

plitigation@gmail.com

**CERTIFICATE OF SERVICE**

I, Ladefara Gem, hereby certify that on the 19th day of November 2021, I caused a copy of the foregoing Complaint to be sent Electronically, and via First Class mail postage to the Defendants as follows:

Douglas Withtaker, Esq- for Flannery and McDonald by email at "Grace.Hartin@fnf.com" <Grace.Hartin@fnf.com>, Douglas Whitaker <Douglas.Whitaker@fnf.com>

Peter McAnespie, and Susan Clark at 2 Cricket Ln. Littleton MA 01460

Respectfully submitted,

Plaintiff Pro se,